UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

DONALD M. GRIFFEN,

          Plaintiff

  v.

DAVE COOK, et al.,

          Defendants.

No. CV02-717-AS

ORDER

**MOSMAN, J.,**

      Plaintiff Donald M. Griffen, a state prisoner appearing pro se, filed this 42 U.S.C. § 1983 civil rights action against various corrections officials in their official and individual capacities, alleging: (1) Defendants were deliberately indifferent to his serious dental and medical needs, (2) he was denied due process in connection with two misconduct hearings, (3) he was denied access to the courts, and (4) he was subjected to religious persecution. The parties filed cross motions for summary judgment. On May 10, 2005, the magistrate judge recommended that summary judgment be granted in favor of defendants on all but the dental claim, and recommended denying summary judgment in total on the dental claim. Defendants timely objected to the magistrate judge's Findings and Recommendation asserting that (1) the magistrate judge erred by failing to make particularized findings as to each defendant in denying summary judgment on the dental claim, (2) Defendants Cook, Lampert, Hill, and Ryals must be dismissed as respondeat superior liability is not permitted in § 1983 claims, and (3) the defendants at issue in the claims

PAGE 1 - ORDER

recommended for summary judgment should also be dismissed as parties from the case. This court has conducted a *de novo* review, 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b), and ADOPTS the magistrate judge's Findings and Recommendation with the following modifications.

A defendant is liable under § 1983 when he or she, under color of law, violates the plaintiff's constitutional rights. 42 U.S.C. § 1983. A causal connection between the defendant's conduct and the constitutional violation must be established, and the "inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988). Where a plaintiff seeks to hold the defendant personally liable for money damages, the causation inquiry is "more refined" such that in a case like the present, the plaintiff must prove "(1) that the specific prison official, in acting or failing to act, was deliberately indifferent to the mandates of the eighth amendment and (2) that this indifference was the actual and proximate cause of the deprivation of the inmates' eighth amendment right to be free from cruel and unusual punishment." *Id.* at 634 (citations omitted). Here, plaintiff's dental claim seeks money damages against the defendants in their individual capacities. Thus, in determining whether summary judgment is appropriate, the court must make individual findings of causation as to each defendant.

1)  <u>Defendants Cook (Director of ODOC), Lampert (former Superintendent of SRCI), and Hill (Superintendent of SRCI)</u>

Plaintiff alleges these defendants were deliberately indifferent to his dental needs because in their supervisory capacities they "were aware of the dentist shortage, and knew that these shortages would result in Eighth Amendment violations." (Def. Memo in Supp. of Summ. J.

at 3). Vicarious or respondeat superior liability does not apply in § 1983 claims. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). However, direct supervisory liability exists where (1) the supervisor is personally involved in the constitutional deprivation, or (2) there is a "sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (internal quotations and citations omitted). Further, a supervisor is directly liable if he or she "implement[s] a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." *Id.* (internal quotations and citations omitted).

Here, whereas it might be reasonable to infer that these defendants were aware of the dental staff shortage by virtue of their positions within the correctional facility, the plaintiff has failed to provide any evidence regarding their authority to address such problem, if any, or their actions or lack thereof in relation to the problem. "Sweeping conclusory allegations will not suffice to prevent summary judgment," and without more specific factual allegations, that is all the Plaintiff has provided in relation to these Defendants. *Leer*, 844 F.2d at 634.

2) <u>Defendant Ryals</u>

Mr. Ryals is the Health Services Director at the SRCI. After receiving little or no response from the dental clinic on his requests for treatment, in November, 2001, the plaintiff wrote an inmate communication to Mr. Ryals stating:

> For a very long time, I have been asking for dental services. The answers have always been something like, "You are scheduled" or "I'll forward this to the dentist" (generic).
>
> In all cases, the "scheduled" appointment never happened, or I did not ever hear from the dentist.
>
> Please expedite my access to Dental care.

PAGE 3 - ORDER

(Griffen Aff. - Dental, Attach. 2 at 14). Mr. Ryals forwarded the request to the dental clinic without written notation, and the clinic informed plaintiff: "You will be scheduled as soon as an opening becomes available." *Id.* Plaintiff did not receive dental treatment until March 2002, over three months later. Plaintiff asserts that Mr. Ryals' failure to take any corrective action, including forwarding the complaint "without note or instructions to correct the problem," was deliberately indifferent to his dental needs. Based on these facts, the court finds that a genuine issue of material fact exists concerning the requisite causal connection between Mr. Ryals' conduct and the alleged constitutional violation.

      3)      <u>Defendants Huffman, Wiitata, Stevenson, & Rigby</u>

These defendants are the dentists who treated plaintiff during his incarceration. They were aware of his condition and decided what treatment he would receive. Further, the SRCI dental clinic informed plaintiff that the dentists decide when inmates are scheduled for treatment. (Griffen Aff. - Dental, Attach. 2 at 11). This authority to direct plaintiff's treatment, coupled with the defendants' personal knowledge of his condition, is sufficient to create a genuine issue of material fact regarding whether their conduct was deliberately indifferent to his dental needs.

      4)      <u>Defendants Gibson, Shook, Augustine, Dunker, Sashse, & Huff</u>

These defendants are also dentists at SRCI; however, they did not treat plaintiff at any time during his incarceration. Plaintiff's allegations against these defendants are also based on the clinic's assertion that the dentists decide who is scheduled for treatment. Plaintiff has not made any additional individualized factual allegations. In light of the clinic's generic assertion that dentists make scheduling decisions and the fact that plaintiff was treated by a variety of

dentists during his incarceration,[1] for purposes of summary judgment it is reasonable to infer that these non-treating dentists were just as likely to make treatment and scheduling decisions for plaintiff as his treating dentists. *See Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1220 (9th Cir. 1995) ("All reasonable inferences must be drawn in the nonmoving party's favor . . . ."). The evidence suggests this is not a situation where the dentists treat based on which inmates have been assigned as their patients, but rather on the inmates' relative needs and dentist availability. Thus, in such circumstances, the authority to make treatment decisions is sufficient to create a genuine issue of material fact as to whether these defendants acted with deliberate indifference towards the plaintiff, regardless of whether they ever physically examined him.

5) <u>Defendant Hendrick</u>

Defendant Hendrick is a dental assistant at the SRCI dental clinic. The only facts plaintiff has alleged regarding Ms. Hendrick is that she was generally aware of his communications to the dental clinic describing his condition and requesting treatment, and that she signed the communications from the dental clinic to him concerning when he was to be scheduled for treatment. Without some allegation that she had authority to make or influence treatment decisions, plaintiff cannot establish that her conduct was deliberately indifferent to his constitutional right to dental treatment. *See Johnson v. Mullin*, __ F.3d __, 2005 WL 2146072 (10th Cir. Sept. 7, 2005) (reversing district court's denial of summary judgment where facts only showed that dental assistant communicated scheduling information to plaintiff).

Thus, with the above modifications, the court adopts the magistrate judge's Findings &

---

[1] Specifically, while at SRCI, Plaintiff was treated by Dr. Huffman in May, 2000; Dr. Wiitala in December, 2000; Dr. Stevenson in March, 2002; Dr. Rigby in August 2002; and Dr. Huffman again in May, 2003. Stevenson Aff. at 6-7.

PAGE 5 - ORDER

Recommendation. Summary judgment is GRANTED in favor of defendants on plaintiff's medical deliberate indifference, due process, access to the courts, and religious persecution claims, and to the extent the various defendants are involved in those claims, they are dismissed from the case. Regarding the plaintiff's dental claim, summary judgment is GRANTED as to Defendants Cook, Lampert, Hill, and Hendrick, and DENIED as to Defendants Ryals, Huffman, Wiitata, Stevenson, Rigby, Gibson, Shook, Augustine, Dunker, Sashse, and Huff.

IT IS SO ORDERED.

DATED: Portland, Oregon, September 21, 2005.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Judge